HILDING E. CLAUSEN v. MINNESOTA STEEL COMPANY.[1]

April 22, 1932.

No. 28,918.

[1]Reported in 242 N. W. 397.

Dennis F. Donovan, for relator.

J. H. Whitely, for respondent.

Cobb, Hoke, Benson, Krause & Faegre, amici curiae, filed a brief in support of the contention of relator.

HOLT, J.

Certiorari to review a decision of the industrial commission awarding compensation for an accidental injury.

In the latter part of November, 1929, respondent was in relator's employ, and while trying to turn a nut on a bolt struck the wrench with a sledge held in the left hand. The nut loosened unexpectedly, and the knuckle of the forefinger of the right hand received a blow. Respondent was wearing canvas gloves. On taking off the glove the knuckle showed some abrasion of the skin but no bleeding. This happened near quitting time, and respondent kept on with his work until his day was finished. He went home and bathed the hand in hot water, which reduced the swelling that had appeared. A certain soreness remained in or close to the joint when pressure was applied, but this did not incapacitate respondent from performing his usual work. He deemed the injury trivial and did not report it to relator or to any of its foremen. The hand caused him no inconvenience or pain until about March 8, 1930. Two days thereafter he consulted a doctor. At that time it was much swollen and had two discharging sinuses. X-rays were taken, disclosing osteomyelitis of the metacarpal bone of the finger. A few days later a representative of relator procured a statement from

respondent, and shortly thereafter informed respondent that because of his failure to report the accident "right away" relator declined to pay any compensation. Relator's doctor, although he examined the hand and took X-rays, advised respondent to continue with the doctor first employed and who had operated on the finger, chiseling out affected parts of the bone. Medical science has not been able to arrest the progress of the injury, and the evidence indicates that amputation of the hand and perhaps the arm is unavoidable.

The findings are that respondent sustained an accident in the latter part of November, 1929, which arose out of and in the course of his employment and caused an injury to his right hand; "that the injurious effect of said accident remained latent and dormant and did not develop or manifest itself or disable the employe until March 9, or 10, 1930." It was also found that notice of the accident and injury was given to relator on March 11, 1930. Compensation was allowed from the last named date; also for medical treatment. The evidence sustains these findings of fact.

The main contention is that, since no notice of the accident was given and relator had no knowledge thereof until 90 days after the day the accidental blow on the finger was received, compensation is barred. Our workmen's compensation act is contained in 1 Mason, 1927, §§ 4261 to 4337-5, and the references hereinafter will be to such of said sections as may be pertinent. The one particularly involved is § 4280 reading:

"Unless the employer shall have actual knowledge of the occurrence of the injury, or unless the injured workman, or a dependent, or someone in behalf of either, shall give notice thereof to the employer in writing, within fourteen (14) days after the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained. If the notice is given, or the knowledge obtained within thirty (30) days from the occurrence of the injury, no want, failure, or inaccuracy of a notice shall be a bar to obtaining compensation, unless the employer shall show that he was prejudiced by such want, defect or inaccuracy, and then

only to the extent of such prejudice. If the notice is given, or the knowledge obtained within ninety (90) days, and if the employe, or other beneficiary, shall show that his failure to give prior notice was due to his mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation or deceit of the employer or his agent, then compensation may be allowed, unless the employer shall show that he was prejudiced by failure to receive such notice, in which case the compensation shall be reduced by such sum, as shall fairly represent the prejudice shown. Unless knowledge be obtained or notice given, within ninety (90) days after the occurrence of the injury, no compensation shall be allowed."

By § 4282 the time for instituting compensation proceedings is limited to two years after the receipt by the industrial commission of notice of the accident from the employer.

The right to compensation is given by § 4269, which decrees that every employer who is under the compensation act shall pay compensation, according to the schedules in the act, "in every case of personal injury or death of his employe, caused by accident, arising out of and in the course of employment, without regard to the question of negligence," with exceptions not here applicable.

It is to be noted that § 4280 attaches no importance to notice where the employer has obtained knowledge of "the occurrence of the injury" within 90 days. The question really comes to this: Do the words "accident" and "occurrence of the injury" mean the same thing under this act? "Accident" is defined by § 4326(h); but nowhere is "injury" or "occurrence of the injury" defined except as meaning compensable injury, which does not occur until disability ensues. It is common knowledge that accidents may injure some parts of the physical structure of the body not open to view nor suspected of having received an injury nor causing disability until long after the accident. The injury is there, but latent and hidden. There are accidents so trivial in apparent results at the time that neither the one who might witness the same nor the victim thereof would anticipate disability therefrom, yet the subsequent development thereof may cause not only loss of members but

life itself. Examples of such appear in the decisions of this court. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Hertz v. Watab Paper Co. 180 Minn. 177, 230 N. W. 481; Keane v. Arrowhead S. P. Co. 181 Minn. 359, 232 N. W. 621.

The workmen's compensation act does not contemplate the payment of damages for accidental injuries, no matter how painful. It is only the disability or loss of earning power which results from the injuries that calls for compensation. So when the act speaks of the occurrence of injury it refers to compensable injuries, and these occur when disability appears.

Section 4293 indicates the same purpose, for the employer is, under penalty, required to report to the industrial commission "any accident to any employe * * * which causes death or serious injury" within 48 hours of "the occurrence of such accident, and of all other accidents which occur to any employe in the course of his employment, and of which the employer or his foreman has knowledge within seven days after the occurrence of such accident, provided that such injuries are sufficient wholly or partially to incapacitate the person injured from labor or service for more than the remainder of the day, shift or turn on which the injury was sustained."

It is clear from this record that if the relator had witnessed the accident to respondent it would not have violated the law in failing to report it. Hence we must conclude that our workmen's compensation act intended to compensate employes for every disability or loss of earning power caused by any accidental injury received in the course of the employment, no matter whether the disability results immediately from the injury or is delayed because the latent hidden or dormant injury failed to heal as anticipated but ultimately developed serious consequences. That being so, it must follow that § 4280 should be so construed that the employe can have an opportunity to give the notice and secure his rights in cases of accidents causing nonanticipated, delayed incapacity or disability. We met the question in Young v. Melrose Granite Co. 152

Minn. 512, 189 N. W. 426, 29 A. L. R. 506; but an answer not being necessary to a decision of that case it was purposely passed.

It may not be strictly accurate to say that the decisions from other jurisdictions indicate two opposing views as to whether the term "the occurrence of the injury" must be construed to mean "the accident," because of the differences of language in the workmen's compensation acts. Where the statute provides that a claim for compensation is barred unless notice is given the employer or claim filed within a certain time from "the accident" or "after the date of the accident" or "after the date upon which the injury occurs," there is hardly room for construction. Especially so where the period for the precedent act of the employe is of such length that it might be assumed that the legislature intended all disability which did not reveal itself within that time should be excluded from compensation. Some acts have six months, others one year. Statutes using the terms above quoted are involved in Central L. & C. Works v. Ind. Comm. 290 Ill. 436, 125 N. E. 369; Whitby v. Armour & Co. 114 Kan. 445, 219 P. 253; Hustus' Case, 123 Me. 428, 123 A. 514; Bartlett's Case, 125 Me. 374, 134 A. 163 (the different sections so reading as to compel a construction that injury in one means compensable injury and in the other accident); Chmielewska v. Butte & S. Min. Co. 81 Mont. 36, 261 P. 616; Ford Motor Co. v. Hunt, 146 Okl. 105, 293 P. 1038; Graham v. J. W. Wells Brick Co. 150 Tenn. 660, 266 S. W. 770; Maryland Cas. Co. v. Ind. Comm. 74 Utah, 170, 278 P. 60.

Relator relies particularly on the decisions from Michigan and Oregon as exemplified in Cooke v. Holland Furnace Co. 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552, and Lough v. State Ind. Acc. Comm. 104 Or. 313, 207 P. 354. The Michigan statute reads [2 Comp. Laws 1915, (5445) § 15]:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same."

The court held "injury" and "accident" in that statute synonymous. But it is to be noted that the decision was not based upon the want of notice, as in the case at bar, but upon the ground that the six-month period for the filing of claim had expired. The legislature of Michigan was not slow to relieve against the effect of the decision, for the next year the act was amended so that if the employer had notice or knowledge of the injury within three months "but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident" claim for compensation can be made within three months after disability appears. White v. Morgan & Wright, 217 Mich. 499, 187 N. W. 257.

The Oregon statute [3 Or. Code 1930, § 49-1836(d)] provides that "no application shall be valid or claim thereunder enforceable in nonfatal cases unless such claim is filed within three months after the date upon which the injury occurred."

This use of the word "date" almost compels holding "injury" synonymous with "accident," for a latent injury rarely causes disability as of a certain date. Relator also cites Matter of Claim of Bloomfield v. November, 223 N. Y. 265, 119 N. E. 705, but under the statute of that state the employe may take the date or time when disability appears as the important event governing the giving of notice of claim.

Owing to the divergence from our own in the workmen's compensation acts of Massachusetts and Nebraska, the decisions from those states do not lend as strong support to respondent as is claimed. In Massachusetts the giving of notice and claim for accidental injury is so connected with the giving thereof in a case of occupational disease that it influenced the decision. Brown's Case, 228 Mass. 31, 116 N. E. 897; Bergeron's Case, 243 Mass. 366, 137 N. E. 739. In Nebraska the term "injury" is defined in the act as meaning "only violence to the physical structure of the body and such disease or infection as naturally results therefrom." [Comp. St. Nebraska 1929, § 48-152.] The Nebraska court does not seem to stress the nine last words of the quotation; but the Michigan court,

in reviewing the Nebraska decisions, deems those words to account for the construction given in Johansen v. Union S. Y. Co. 99 Neb. 328, 156 N. W. 511, 512; Travelers Ins. Co. v. Ohler, 119 Neb. 121, 227 N. W. 449. However, the reasoning of the decisions just cited indicates that as far as concerns the giving of notice and complying with conditions precedent to the right to compensation for accidental injuries courts should have in mind that workmen's compensation acts aim to give compensation for all disability caused an employe accidentally in the course of the employment, and that certain accidents do not at once disable and yet do destroy or crush some physical structure of the body which in course of time causes disability or loss of member or even death. It cannot be that the legislature intended that the employe was to give notice of every slight accidental scratch, pin prick, or blow suffered in his work, nor that the employer should report the same to the industrial commission when such accident appears of such nature that neither party ought reasonably to anticipate a compensable injury therefrom. To so construe the law would onerously and to no purpose burden both employe and employer. The following decisions appear to lead to the conclusion we arrive at: Esposito v. Marlin-Rockwell Corp. 96 Conn. 414, 114 A. 92; Hines v. Norwalk Lock Co. 100 Conn. 533, 124 A. 17; Guderian v. Sterling S. & Ry. Co. Ltd. 151 La. 59, 91 So. 546; Schrabauer v. Schneider Engraving Product, Inc. 224 Mo. App. 304, 25 S. W. (2d) 529; Wheeler v. Missouri Pac. R. Co. (Mo. App.) 33 S. W. (2d) 179; both cases approved by the supreme court, as to the question here involved, in Wheeler v. Missouri Pac. R. Co. 328 Mo. 888, 42 S. W. (2d) 579; Stolp v. Dept. of L. & Ind. 138 Wash. 685, 245 P. 20. And to a certain extent the decisions of Wisconsin accord with the cases just cited. Zurich G. A. & L. Ins. Co. v. Ind. Comm. 203 Wis. 135, 233 N. W. 772; Acme Body Works v. Ind. Comm. 204 Wis. 493, 234 N. W. 756, 758. In the case last cited the court says [204 Wis. 498]:

"Injury and compensable disability are more in the nature of synonymous terms than are date of injury and date of the accident."

While it is fully appreciated that the provisions of notice by employes, accidentally injured, serve important purposes, viz. to give the employer opportunity to ascertain facts and guard against fictitious demands and also to bar stale claims, yet, recognizing that latent accidental injuries also result in disability, loss of members of the body, and death, and are intended to be compensable, it must follow that in the reasonable construction of § 4280 as to notice of such, the time for giving the same begins to run when disability occurs, or when it becomes reasonably apparent that disability or loss of member is likely to occur. Within that construction the notice in this case was timely.

Some point is made that respondent was not entitled to compensation for medical and surgical expenses since he selected his own doctor. But when relator, upon obtaining knowledge of the disability, denied respondent's right to compensation and, by its own doctor, advised him to return to the one he first consulted, we think the commission was fully justified in requiring relator, under the provisions of § 4279, to pay the expenses for treatment incurred by respondent.

Relator also claims that respondent wilfully violated these rules, a copy of which was furnished respondent when he entered the employment:

"All injuries, no matter how slight, must receive immediate attention at the Infirmary and report same to your foreman. * * * Failure to comply with Safety Rules and Regulations may result in immediate dismissal."

There can be no question of the salutary purpose of the rules. Respondent knew thereof and admitted that he followed the same in respect to any injury he had received in the employment which appeared of any moment. But this blow on the finger he thought so insignificant as not to be worthy of any attention other than the hot water application given on his arriving home after the day's work. In good faith he believed that he should not trouble the employer about such a trivial hurt as he conceived it to be. His error of judgment cannot possibly bring him within the exception

which forfeits the right to compensation, viz. "accidents which are intentionally self-inflicted." (§ 4269)

The writ is discharged and the award is affirmed, with $100 attorney's fees to be taxed as costs in this court in favor of respondent.

Stone, J (dissenting).

I cannot agree in the construction put upon the concluding sentence of § 4280. I think the phrase "occurrence of the injury" was intended to mean the happening of the accident as distinguished from any subsequent effect of it. That construction of course is less desirable from the standpoint of the remedial purpose of the act than the one put upon it in the majority opinion. But if there is a defect in the law, I think it is of such a character that we should leave it for the legislature to remove it. In other words, it seems to me a case for reaching the obviously desirable end by legislative amendment rather than by judicial construction.

