# FRED BRUGGEMAN v. FORD MOTOR COMPANY.[1]

February 6, 1948.

No. 34,535.

*Helstein, Hall, Smith & Enkel,* for relator.
*Doherty, Rumble, Butler & Mitchell,* for respondent.

MATSON, JUSTICE.

Certiorari to review a decision of the industrial commission denying compensation for an accidental injury on the ground that the

---

[1]Reported in 30 N. W. (2d) 711.

employer had no notice or knowledge of the occurrence of the injury within the time prescribed by law, and on the further ground that employe's disability had no relation to the accidental injury.

While employed in respondent's plant on June 7, 1944, relator in descending a stepladder slipped and landed in a sitting position on the floor. The fall caused immediate and intense pain in his spine in the area adjacent to the hips. In describing his condition immediately after the accident, relator testified: "Well, it was terribly sharp pain and I couldn't turn hardly either way. It just hurt like the devil." Relator, without loss of working time as a result of the accident (with the exception of a week's absence in May 1945, which may or may not have been related to the accidental injury), continued to work uninterruptedly for 13 months thereafter or until July 18, 1945. Relator testified that during this 13-month period, he could not sit down for work at all without suffering great pain in his back, but that if he stood he felt better. He sought no medical treatment for the disorder, but did apply heat to his back at home and wore a support belt given to him by his brother. These measures eased his pain somewhat, but not entirely. *Continuously* from the date of the accident, relator could not stand "perfectly straight," nor could he work while sitting down. An attempt to do either resulted in extreme pain. Relator testified:

"A.   I had been working on the job and I would make a certain move and I would get a kink in my back and I would be walking sideways. I couldn't stand up perfectly straight.

"Q.   How long prior to July 18, 1945, was that?

"A.   It was continuously from the time of the accident."

On July 18, 1945, 13 months after the accident, the pain became unendurable, and relator stopped working. On August 6, 1945, he was examined by Dr. Vernon Smith, his personal physician, who diagnosed the condition as a herniated intervertebral disc. The disc was removed in an operation performed by Dr. Smith on August 15, 1945. A report of the operation was given by relator to respondent's medical department on September 14, 1945. Relator returned

to work on October 15, 1945, and has had no trouble since the operation.

Relator testified that immediately after the accident he notified his foreman of the injury and reported to respondent's first-aid department, where he received certain heat treatments. The foreman and the first-aid supervisor, however, both deny that relator ever reported the accident or that they otherwise obtained any knowledge thereof. Respondent's first-aid records indicate that no report was made prior to September 14, 1945. Respondent's plant physician testified to the same effect. Assuming that the occurrence of the injury and the accident coincide as to time, the evidence clearly sustains the finding of the industrial commission that respondent received no notice or knowledge of the occurrence of the injury within the 90-day statutory period. See, M. S. A. 176.16.

■ Relator contends, however, that the notice received by respondent on September 14, 1945, which was 30 days after the disc operation and approximately 14 months after the accident, constituted notice within the statutory 90-day period under the doctrine of Clausen v. Minnesota Steel Co. 186 Minn. 80, 242 N. W. 397, wherein this court applied the rule that where an employe in the course of his employment sustains an apparently trivial injury which does not result in present disability and which no person of ordinary prudence, similarly situated, would reasonably anticipate as likely to cause future disability, the time for giving notice of the occurrence of the injury to the employer, pursuant to § 176.16, runs from the time when it becomes reasonably apparent that such injury has resulted in, or is likely to cause, compensable disability.[2] An apparently trivial injury to the body structure may be of an insidious nature that is highly potential of future disability. The condition may remain latent for a long time, during which an injured employe may have no reasonable ground for assuming that a compensable disability will result. When the above rule as to latent injuries is applicable, the test as to the timeliness of the notice involves a determination of whether it was given within 90 days of

[2]See, Horovitz, Workmen's Compensation, p. 256 and note 34.

the time when it became reasonably apparent that the injuries sustained had resulted, or would result, in compensable disability, not whether it was given within 90 days after the accident.[3]

Obviously, it is a question of fact to be resolved by the trier of fact whether an individual case comes within the latent or trivial injury rule. Implicit in the finding of the industrial commission that the employer had no notice of the occurrence of the injury within the time provided by law is the determination that the above rule is not applicable here to the facts. This determination is sustained by the evidence, and we find no error. Indeed, it would be difficult to sustain a finding to the contrary. Relator's express testimony is to the effect that the accident instantly caused a sharp pain in the spine that "hurt like the devil," and that as a result he could hardly turn either way. He further testified that continuously from the time of the accident, throughout a period of 13 months, if he made a certain move he would get a kink in his back which made it necessary for him to walk sideways. Throughout this period, he could not work while sitting down or stand in a straight position without suffering intense pain. An injury which was so productive of pain and so constantly fruitful of physical disability as to deprive relator of the normal functional use of his body was not so latent or trivial in its nature as to give him reasonable ground for not giving notice within the statutory period. Relator's symptoms were sufficiently alarming to indicate to an ordinarily prudent person that compensable disability might reasonably result and that timely notice should therefore be given to the employer. An employe who sustains injuries that are obviously serious and reasonably likely

---

[3]The reasons for, and the authorities in support of, the latent or trivial injury rule are stated in the Clausen case and will not be repeated here. For cases involving a justifiable failure to give a report of the accident within a specified time after the accident, see Annotations, 78 A. L. R. 1249, 92 A. L. R. 509, 107 A. L. R. 821, and 145 A. L. R. 1283. For decisions illustrative of the reasoning of the English courts in trivial injury cases, see, Ince v. Pulling & Wolsey, Ltd. 28 B. W. C. C. (N.S.) 154, 158-160; MacDonald v. Flynn, 37 B. W. C. C. (N.S.) 12, 14-15; Schofield v. Halstad, Ltd. 34 B. W. C. C. (N.S.) 99.

to cause disability may not gamble on the outcome in the hope that he will recover, and, when he loses the gamble, escape the consequences of his failure to give his employer the required notice. Resolute indifference to alarming symptoms of injury, whether by the employe or the employer, is not a virtue under the laws governing workmen's compensation.

There is no difficulty in distinguishing the Clausen case, 186 Minn. 80, 242 N. W. 397. In that case, an employe struck his hand a hammer blow in November 1929. Apart from the initial shock, the injury caused him *no pain or inconvenience, and did not impair his ability to continue his work.* After the lapse of about three symptom-free months, the hand became swollen and developed two discharging sinuses. The workman then consulted his doctor and learned for the first time that the hand was dangerously infected. Three days later, on March 11, 1930, over 90 days after the day of the accident, he reported the injury. In the Clausen case, we have a good example of a latent injury of apparently a trivial nature which reasonably misled the employe into assuming that no compensable disability would likely result.

In view of the fact that the finding of the industrial commission on the issue of notice is sustained, it is unnecessary to consider the further issue of whether plaintiff's disability was related to the accidental injury. The writ is discharged, and the decision of the industrial commission is affirmed.

Affirmed.