FRANKLIN DAVIDSON v. BERMO, INC., AND ANOTHER.

137 N. W. (2d) 567.

August 6, 1965—No. 39,653.

*Robb, Robb & Van Eps,* for relators.
*Leonard J. Hanson,* for respondent.

NELSON, JUSTICE.

Certiorari on the relation of Bermo, Inc., employer, and Bituminous Casualty Corporation, its insurer, to review a decision of the Industrial Commission awarding compensation to employee-respondent, Franklin Davidson.

Employee was a shears operator who was required in the course of his employment to lift 150-pound sheets of metal from a stack onto a rolling table to bring them to the machine at which he worked. While carrying

one of those sheets of metal to the table, he slipped on an oily substance on the floor and, as a result, injured his back. He testified that he felt instant pain following the incident, which continued thereafter except when he would lie down. He stated that at the time he thought that he had a "pulled muscle or something like that."

While employee was unable to state the exact date of the alleged accident, he did indicate that it occurred within 2 weeks either way of February 1, 1963. He continued on the same job until the following month of June when the pain in his back and legs caused him to ask for lighter work.

On February 26, 1963, he consulted Dr. Milton Seifert, Jr., to whom he made the complaint that he was experiencing low right back pain with radiation into the right leg. Employee also stated in his testimony that a few days before he saw Dr. Seifert he had pain in his back and right hip and that the pain also went into his right leg. He told Dr. Seifert that he had slipped while at work approximately one month earlier while carrying a sheet of steel. Examination revealed muscle spasm, tenderness, and acute back injury. The neurological examination made at the time was normal and Dr. Seifert also found that the straight leg raising which he put employee through was normal. At that time the doctor was hopeful of a recovery. He next saw employee on July 19, 1963. At that time the doctor noted no improvement and in August employee was referred to a specialist in orthopedic surgery. Subsequently, a spinogram was performed which indicated the existence of a herniated intervertebral disc which necessitated surgery October 28, 1963.

A claim petition was filed with the Industrial Commission by employee on October 14, 1963. On March 6, 1964, the matter was tried before a referee who awarded compensation in findings filed March 9. Relators appealed to the commission on March 12. It thereafter unanimously affirmed the findings and determination of the referee.

Two issues are raised now: (1) Did the commission err in finding that the employer had due notice or knowledge of employee's alleged personal injury? (2) Did the commission err in considering matters not in evidence in making that finding?

■ Minn. St. 176.141 requires that unless the employer obtains knowledge or written notice within 90 days after the occurrence of the injury no

compensation shall thereafter be allowed.[1] The testimony here is that the accident occurred about February 1, 1963. Employee does not claim that he gave written notice of the injury within 90 days but he does assert that the employer possessed actual knowledge thereof.

It has been held that the purpose of the statutory requirement of actual knowledge or notice of the employee's injury is to permit the employer to make such investigation as is necessary to determine his liability for a compensation claim. Miller v. Peterson Const. Co. 229 Minn. 22, 38 N. W. (2d) 48.

■ It is well settled in this state that knowledge of an injury to an employee gained by a foreman or superintendent of the employer is imputed to the employer. Rinne v. W. C. Griffis Co. 234 Minn. 146, 47 N. W. (2d) 872; Markoff v. Emeralite Surfacing Products Co. 190 Minn. 555, 252 N. W. 439; Ogren v. City of Duluth, 219 Minn. 555, 18 N. W. (2d) 535; Miller v. Peterson Const. Co. *supra;* Sokness v. City of Virginia, 231 Minn. 215, 42 N. W. (2d) 551. This court, in Ogren v. City of Duluth, 219 Minn. 555, 557, 18 N. W. (2d) 535, 537, said:

"* * * The statute does not require written notice of death or injury where the employer has actual knowledge. Actual knowledge by an officer

---

[1] Minn. St. 176.141 provides: "Unless the employer has actual knowledge of the occurrence of the injury or unless the injured worker, or a dependent or some one in behalf of either, gives written notice thereof to the employer within 14 days after the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained. If the notice is given or the knowledge obtained within 30 days from the occurrence of the injury, no want, failure, or inaccuracy of a notice shall be a bar to obtaining compensation unless the employer shows that he was prejudiced by such want, defect, or inaccuracy, and then only to the extent of such prejudice. If the notice is given or the knowledge obtained within 90 days, and if the employee or other beneficiary shows that his failure to give prior notice was due to his mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation, or deceit of the employer or his agent, then compensation may be allowed, unless the employer shows that he was prejudiced by failure to receive such notice, in which case the amount of compensation shall be reduced by such sum as fairly represents the prejudice shown. Unless knowledge is obtained or written notice given within 90 days after the occurrence of the injury no compensation shall be allowed."

or agent standing in the employer's place for the time being is actual knowledge of the employer."

The foregoing construction is in line with the interpretation given similar statutes by other jurisdictions. Annotation, 145 A. L. R. 1289. "Actual knowledge" within the meaning of the statute has been said to be "information on which to base inquiries if he (employer) so desires." Rinne v. W. C. Griffis Co. 234 Minn. 146, 151, 47 N. W. (2d) 872, 875. At a minimum it is information such as a reasonable man would usually act upon in the ordinary course of human affairs. Rinne v. W. C. Griffis Co. *supra,* and cases cited.

The Rinne case seems to indicate that mere notice by the employee to the employer that he has sustained an injury is not sufficient. He must convey to the employer or the employer's foreman or superintendent that the condition is causally related to his employment.

■ In the instant case employee testified that he reported the injury to his foreman, Lloyd Larson, sometime prior to June 1963, but he did not know the exact date when such notice was given. There is no question about notice having been given to the employer in the month of June 1963, since employee then asked to be given lighter work because his back and legs were giving him trouble. To come within the statutory period, however, notice would have to be given sometime prior to the middle of May —unless the trivial injury rule, discussed hereinafter, applied. (Employee indicated that the accident occurred within 2 weeks either way of February 1; thus, giving him the maximum, the 90 days would extend to the middle of May.) Relators contend that employee's statement that he gave notice of the injury to his foreman sometime earlier than June is too indefinite to constitute notice in compliance with the statute. They contend that the burden of proof is upon employee and requires him to state or prove the time of notice or knowledge with sufficient definiteness so that the trier of fact can properly apply the time limitations of the law to the facts without having to resort to speculation and conjecture.

However, relators did not call the foreman or in any other manner refute employee's testimony. The opinion accompanying the commission's decision pointed out:

"Although the record is not too clear, nevertheless, some reference was made indicating the employee's foreman was told about the injury. Since the foreman was not called as a witness to controvert this assertion, we must assume some conversation pertaining to the injury could very well have taken place."

We think under the circumstances the commission was justified in assuming that some conversation pertaining to the injury could have taken place and did not err in finding that the statutory requirements as to knowledge or notice had been complied with.

■ The commission also found that employee's injury was trivial in nature. In Clausen v. Minnesota Steel Co. 186 Minn. 80, 242 N. W. 397, we held that the statute may, in effect, be tolled if the injury which the employee sustained is deemed trivial. That case distinguishes between the occurrence of the injury and the accident, holding that the injury occurs, and the 90-day period for giving notice begins to run, when disability occurs or when it becomes reasonably apparent that disability is likely to occur. In the Clausen case the employee struck his hand a hammer blow in November 1929. Apart from the initial shock he suffered no pain or inconvenience from the injury. Thus he continued to work as usual. The injury he received caused him no difficulty until 3 months later when his hand became swollen and developed two discharging sinuses. He thereupon consulted a doctor and learned for the first time that the hand was dangerously infected. Three days later, on March 11, 1930, over 90 days after the date of the accident, he reported the injury. This court held that the injury was latent and apparently of a trivial nature which could reasonably have misled the employee into assuming that no compensable disability would likely result.

The Clausen case was limited in Bruggeman v. Ford Motor Co. 225 Minn. 427, 30 N. W. (2d) 711, a case in some respects similar to this one. There the employee slipped while descending a stepladder, landing on the floor. He suffered immediate and intense pain in his spine, but continued to work uninterruptedly (except for 1 week which may or may not have been causally related to the accident) for 13 months thereafter. His testimony indicated that during this 13-month period he could not sit down at his work without suffering great pain in his back, although

when he stood up he felt better. He sought no immediate treatment during this period. He applied heat to the affected area and wore a belt which was given to him by his brother. Some 14 months after the accident occurred, surgery was performed and a herniated intervertebral disc was removed. The employee testified that immediately after the accident he informed his foreman of the injury and reported to the employer's first-aid department where he received certain heat treatments. The employer's foreman denied that the employee reported the accident, as did the first-aid supervisor. The Industrial Commission found that notice had not been given within 90 days of the accident and denied the employee recovery. On review this court rejected the employee's contention that since his injury was apparently trivial, the 90-day period commenced from the time it became reasonably apparent that his injury would cause disability and that notice given within 30 days of the operation was timely. We indicated that the question whether the employee comes within the trivial injury rule is one of fact and affirmed the Industrial Commission's decision, stating (225 Minn. 430, 30 N. W. [2d] 713):

"* * * An injury which was so productive of pain and so constantly fruitful of physical disability as to deprive relator of the normal functional use of his body was not so latent or trivial in its nature as to give him reasonable ground for not giving notice within the statutory period. Relator's symptoms were sufficiently alarming to indicate to an ordinarily prudent person that compensable disability might reasonably result and that timely notice should therefore be given to the employer."

Relators claim that the rule enunciated in the Clausen case is not applicable here. They contend that employee's injury was not trivial, pointing out that it caused him immediate and continuing pain.

When the trivial injury rule is applicable, all that is required to comply with Minn. St. 176.141 is that the employee give notice to the employer of the injury within 90 days after it becomes compensable. In this case, prior to seeing Dr. Seifert on February 26, 1963, employee was experiencing low right back pain which radiated into his right leg. The doctor's diagnosis was that employee was suffering from muscle spasm, tenderness, and acute back injury. The opinion accompanying the unanimous deci-

sion of the commission notes that the employee stated the accident occurred on or about February 1, 1963, but he had filed no notice of injury until July 3, 1963. In finding compliance with § 176.141, the commission relied to a considerable extent upon the statements made by this court in Clausen v. Minnesota Steel Co. *supra*. The opinion of the commission, after discussing the Clausen case, said:

"From the above language [quoted from the Clausen case], we feel the employee was within his rights under the provisions of the Act. Since no treatment was sought for the injury which the doctor described as a muscular spasm for one month following the incident and the treating physician's assurance the recovery would be uneventful and normal, therefore, the employee felt it was not necessary to report the accident. It should also be noted the employee lost no time from work until September 20, 1963. It was only after the pain persisted that he asked his foreman for lighter work and filed a notice of injury, feeling the back problem may lead to a compensable injury. The employee did act in good faith believing the muscle spasm would eventually clear up with no apparent residuals which could cause disabling effects.

"There is no indication the employer or his insurer were deprived by reason of employee's failure to give timely notice [of opportunity] to procure evidence that would in any way prejudice them to resist the claim, since they did have the opportunity to investigate the alleged injury. All medical reports were available including the corroborating statements by two co-employees that they had knowledge of the accident and offered assistance to the claimant the day the incident occurred."

It is our opinion that the commission did not err in finding as it did, that the injury was trivial in nature and the statutory requirements as to knowledge or notice had been complied with. As suggested in the commission's opinion, a back injury which is supposedly a muscle spasm may initially seem negligible but later prove much more serious than at first anticipated because of further aggravation by strain when the employee continued to carry on his work.

Relators, however, place considerable reliance on Bruggeman v. Ford Motor Co. *supra,* where compensation sought 14 months after the acci-

dent was denied under the trivial injury rule. There we said (225 Minn. 430, 30 N. W. [2d] 713):

"* * * An employe who sustains injuries that are obviously serious and reasonably likely to cause disability may not gamble on the outcome in the hope that he will recover, and, when he loses the gamble, escape the consequences of his failure to give his employer the required notice."

A careful reading of the Bruggeman case, however, leads to the conclusion that the credibility of the employee's testimony was questionable. The following statement from the opinion filed by the commission in that case would so indicate:

"This employe was thoroughly familiar with the routine employes are required to follow when accidents occurred to them in the plant. If he had, in fact, reported the accident to the foreman and to the man in charge of the first aid department and received the two or three diathermy treatments alleged, we must then assume the foreman, first aid man [and] the doctor were either careless in keeping their records or falsified them for the purposes of avoiding payments of compensation to this employe by the company. The evidence does not warrant us in making such assumptions." (Cases and Briefs, Supreme Court, 225 Minn. 427, 30 N. W. [2d] 711, R. 176.)

It is clear then that the Bruggeman case is distinguishable from the instant case. We are in agreement with the commission that the theory set forth in the Clausen case is more in line with the established rules governing trivial injury cases. See, Clausen v. Minnesota Steel Co. *supra;* Miller v. Peterson Const. Co. *supra.*

This court has repeatedly said that the findings of the Industrial Commission are entitled to great weight and we will not disturb them unless they are manifestly contrary to the evidence. If, after an impartial consideration of the evidence and of the inferences which may fairly and reasonably be drawn therefrom, reasonable minds might reach different conclusions, the findings must stand. Application of these rules requires us to affirm the commission's finding that the injury was trivial and that "employer had notice and knowledge within the statutory period following the manifestation of compensable disability."

■ On the day the appeal to the commission from the referee's finding was heard, employee served and filed a petition to take further evidence as provided under § 176.421, also filing supporting affidavits. No order granting leave to take additional testimony was ever issued, nor was employee ever examined and cross-examined pursuant to his petition. Relators contend that, nevertheless, the commission apparently gave consideration to the contents of the affidavits in reaching its decision. We are unable to attach any great importance to this issue, however, especially in view of the fact that the commission states in the opinion accompanying its decision that employee's petition to allow the taking of further oral testimony was considered and found to be unwarranted, since all the material facts pertinent to the question of notice were available and known to the commission following the hearing on appeal. There is accordingly no basis for ordering a remand to the commission.

The decision of the commission is affirmed. Employee is allowed $250 attorneys' fees.

Affirmed.