ROBERT J. O'BRIEN v. H & S ASPHALT
COMPANY AND ANOTHER.

224 N. W. 2d 510.

December 13, 1974—No. 44801.

*Van Eps, Gilmore & Chantry* and *George R. Benton,* for relators.

*MacIntosh, Commers & Michaelson, Edgar H. Rex, Jr.,* and *Bruce P. Barten,* for respondent.

Todd, Justice.

Relators seek review of a decision of the Workmen's Compensation Commission awarding benefits to respondent. The only question before this court is whether the evidence sustains the commission's finding that the employer had actual knowledge of the employee's injury in fulfillment of the notice requirement of Minn. St. 176.141.[1] We affirm.

The evidence is uncontradicted that the foreman of the area in the plant in which the injury occurred, who was also immediately responsible to the employer for the work in which the employee was engaged when injured, had actual knowledge within the statutory time period of the injury and that the injury was work-related. It is well settled that knowledge of an injury to an employee gained by a foreman or superintendent of the employer is imputed to the employer. Davidson v. Bermo, Inc. 272 Minn. 97, 137 N. W. 2d 567 (1965); Rinne v. W. C. Griffis Co.

---

[1] Minn. St. 176.141 provides: "Unless the employer has actual knowledge of the occurrence of the injury or unless the injured worker, or a dependent or some one in behalf of either, gives written notice thereof to the employer within 14 days after occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained. If the notice is given or the knowledge obtained within 30 days from the occurrence of the injury, no want, failure, or inaccuracy of a notice shall be a bar to obtaining compensation unless the employer shows that he was prejudiced by such want, defect, or inaccuracy, and then only to the extent of such prejudice. If the notice is given or the knowledge obtained within 90 days, and if the employee or other beneficiary shows that his failure to give prior notice was due to his mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation, or deceit of the employer or his agent, then compensation may be allowed, unless the employer shows that he was prejudiced by failure to receive such notice, in which case the amount of compensation shall be reduced by such sum as fairly represents the prejudice shown. *Unless knowledge is obtained or written notice given within 90 days after the occurrence of the injury no compensation shall be allowed.*" (Italics supplied.)

234 Minn. 146, 47 N. W. 2d 872 (1951). The decision of the commission in this matter is supported by substantial evidence in view of the entire record as submitted and is not arbitrary or capricious.

Attorneys fees in the amount of $350 are awarded respondent on this appeal.

Affirmed.