DONALD A. YERHART v. GEO. A. HORMEL & COMPANY.

225 N. W. 2d 851.

January 31, 1975—No. 44939.

*Alderson, Catherwood, Ondov & Leonard* and *Gary E. Leonard,* for relator.

*Baudler & Baudler* and *William J. Baudler,* for respondent.

PER CURIAM.

Employer relator seeks review of a decision of the Workmen's Compensation Commission awarding benefits to respondent employee. The

only question before the court is whether the evidence sustains the commission's finding that the employer had actual knowledge of the employee's injury in fulfillment of the notice requirement of Minn. St. 176.141.[1] We affirm.

The employee's back injury was found by the commission to be causally related to incidents of his employment, most notably hard jolts to the back received in the operation of a forklift truck over holes in the floor of his work area. Although there is some conflict in testimony, there is substantial evidence to support the commission's finding that the employee's foreman had sufficient knowledge of the facts and circumstances of the employee's injury to put him on inquiry that the disability was work related. See, Pojanowski v. Hart, 288 Minn. 77, 178 N. W. 2d 913 (1970); Davidson v. Bermo, Inc. 272 Minn. 97, 137 N. W. 2d 567 (1965). It is well settled that knowledge of an injury to an employee gained by a foreman or superintendent of the employer is imputed to the employer. Davidson v. Bermo, Inc. *supra*; Rinne v. W. C. Griffis Co. 234 Minn. 146, 47 N. W. 2d 872 (1951).

Where the commission's findings are supported by substantial evidence in view of the entire record, they must be affirmed. Minn. St. 15.0425(e); Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971).

---

[1] Minn. St. 176.141 provides: "Unless the employer has actual knowledge of the occurrence of the injury or unless the injured worker, or a dependent or some one in behalf of either, gives written notice thereof to the employer within 14 days after the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained. If the notice is given or the knowledge obtained within 30 days from the occurrence of the injury, no want, failure, or inaccuracy of a notice shall be a bar to obtaining compensation unless the employer shows that he was prejudiced by such want, defect, or inaccuracy, and then only to the extent of such prejudice. If the notice is given or the knowledge obtained within 90 days, and if the employee or other beneficiary shows that his failure to give prior notice was due to his mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation, or deceit of the employer or his agent, then compensation may be allowed, unless the employer shows that he was prejudiced by failure to receive such notice, in which case the amount of compensation shall be reduced by such sum as fairly represents the prejudice shown. *Unless knowledge is obtained or written notice given within 90 days after the occurrence of the injury no compensation shall be allowed.*" (Italics supplied.)

542

Attorneys fees in the amount of $350 are allowed respondent on this appeal.

Affirmed.