JAMES BARCEL v. BARREL FINISH AND ANOTHER.

232 N. W. 2d 13.

July 18, 1975—No. 44999.

*Fitch & Johnson* and *Raymond W. Fitch,* for relators.
*J. E. Murray,* for respondent.

SCOTT, JUSTICE.

Relators challenge the finding of the Workmen's Compensation Commission that the employer received notice of the employee's injury within the time period allowed by Minn. St. 176.141. We affirm.

The employee first experienced numbness in his right hand and forearm during the early part of 1971. The sensation was intermittent and did not interfere with his work. The employee discontinued his employment with Barrel Finish in March of 1972 for reasons unrelated to his disability. In June 1972, he saw a chiropractor for the worsening symptoms, was unsuccessfully treated for a pinched nerve, and referred to his family physician.

On August 16, 1972, the employee was examined by a neurologist, Dr. Louise Town. Although the neurological examination was essentially normal, Dr. Town thought the history of symptoms fit in with carpal tunnel syndrome. She then conveyed her diagnosis by telephone to the family physician, who suggested that the employee be referred to Dr. Edward Salovich for consideration of surgical correction. Dr. Town told the employee that his problem was carpal tunnel syndrome, but at the time he did not understand what that meant.

Dr. Salovich examined the employee and took a history on September 14, 1972. For the first time the gradual onset of the condition was associated with the employee's duties at Barrel Finish. Dr. Salovich recommended surgery and the employee acquiesced. The operation was performed 3 days later. Barrel Finish first received notice of injury on December 1, 1972.

We have held that the notice period in Minn. St. 176.141 may, in effect, be tolled if the injury which the employee sustained is deemed trivial.[1] Clausen v. Minnesota Steel Co. 186 Minn. 80, 242 N. W. 397 (1932). In Davidson v. Bermo, Inc. 272 Minn. 97, 137 N. W. 2d 567 (1965), we stated:

---

[1] See, 3 Larson, Workmen's Compensation Law, § 78.41.

"When an employee in the course of his employment sustains an apparently trivial injury which does not result in present disability, the statutory time for giving notice to the employer of the occurrence of the injury runs from the time when it becomes reasonably apparent that such injury has resulted in or is likely to cause compensable disability."

Whether an injury is of a trivial nature and the date on which it first becomes reasonably apparent to an employee that an injury believed to be nondisabling would actually result in disability are ordinarily questions of fact, Balow v. Kellogg Co-op. Creamery Assn. 248 Minn. 20, 78 N. W. 2d 430 (1956), and the commission's findings will not be disturbed on appeal unless unsupported by substantial evidence. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971); Minn. St. 15.0425(e).

We agree with the commission that this is a proper case for the application of the trivial injury rule. The commission's finding that the disabling nature of the condition first became reasonably apparent to the employee on September 14, 1972, is supported by substantial evidence.

Affirmed.