Varco H. REBISKI, Respondent,

v.

PIONEER TELEPHONE COMPANY, et al., Relators.

No. 47520.

Supreme Court of Minnesota.

Jan. 13, 1978.

C. Douglas Allert, Minneapolis, for relators.

Abrams & Spector and Peter J. Pustorino, Minneapolis, for respondent.

PER CURIAM.

Relators challenge the finding of the Worker's Compensation Court that the employer received notice of the employee's injury within the 90-day period required by Minn.St. 176.141 and the finding that employee sustained an aggravation of a preexisting hip condition in the course of his employment. We affirm.

Employee, the "working manager" of one of the employer's district offices, was injured in November 1963 when he fell 25 feet to the ground while climbing a telephone pole. He landed on the outer side of his right buttock and felt pain in his back, right hip, and upper right thigh, but he got up and kept on working. He became increasingly aware of the pain in his back and hip in the next 2 weeks, and from the time of the fall until July 1964 the lower part of employee's back would occasionally become very painful. He said he missed some time from work, which he charged to sick leave. With rest, hot baths, and the use of liniment and a heating pad, his back would feel better and there were times when he had no pain or discomfort. By July 1964, however, he said he "began to have problems with [his] lower back" and consulted a doctor. Rather than undergo traction, as the doctor suggested, employee consulted a chiropractor in August 1964 and ultimately received 18 treatments. During that month he told a superior, the employer's general office manager, about the fall and his need for treatment because of severe back pain. Employee testified that at that time he realized that his condition "was disabling to some extent." The condition of his back

and right hip has grown progressively worse since that time.

The notice period in § 176.141 may, in effect, be tolled if the injury which the employee sustained is deemed trivial, and the statutory time for giving notice then begins to run from the time when it becomes reasonably apparent that the injury has resulted in or is likely to cause compensable disability. *Clausen v. Minnesota Steel Co.*, 186 Minn. 80, 242 N.W. 397 (1932). Whether an injury is of a trivial nature and the date on which it first becomes reasonably apparent to an employee that an injury believed to be nondisabling will actually result in disability are usually questions of fact. *Barcel v. Barrel Finish*, 304 Minn. 536, 232 N.W.2d 13 (1975).

In this case, in our view of the record, the evidence and the permissible inferences therefrom permitted the compensation court to conclude that the injury at first appeared to be trivial. Employee clearly did not suffer immediate disability after the fall and in the following months he was free from symptoms at various times, a circumstance from which he might reasonably have thought that the injury sustained in the fall would not result in disability. The compensation court could therefore find that the employer received notice of the injury within the time required by § 176.141 since employee's superior received actual knowledge of employee's injury well within 90 days after employee became aware it was disabling. *Yerhart v. George A. Hormel Co.*, 303 Minn. 540, 225 N.W.2d 851 (1975).

Relators argue also that if employee sustained a trivial injury in November 1963, he could not have sustained trauma severe enough to aggravate a preexisting hip condition. Dr. Thomas Litman, an orthopedic surgeon called as a witness by relators, testified that employee has arthrosis, a degenerative condition which affects both of his hips but the right one much more severely. In Dr. Litman's opinion this condition preexisted the accident and there is no causal connection between them. He said that the condition could have been caused by a single trauma only if it were a major injury such as a dislocation or fracture.

Dr. Robert Wengler, an orthopedic surgeon called by employee, agreed that employee has a degenerative arthritic condition in his hips and said that the most common cause of such a condition is a fracture or dislocation. But he also expressed the opinion with reasonable medical certainty that employee had injured the surface cartilage of the right hip joint in the fall and that this injury had caused development of the degenerative changes in that hip to occur. The compensation court accepted this opinion, and relators' contention that they could not do so because the opinion was based on mistaken assumptions of fact is not borne out by the record.

As trier of fact, resolution of the conflict in the testimony of the medical experts was for the compensation court, and the finding, having support in the opinion of Dr. Wengler and in employee's testimony that he had had no symptoms in his hip before the accident, must be affirmed. *Dauphine v. City of Minneapolis, Dept. of Public Welfare*, Minn., 249 N.W.2d 463 (1977); *Grabowski v. Great Northern Oil Co.*, 283 Minn. 205, 167 N.W.2d 14 (1969).

Employee is allowed $350 attorneys fees.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.