Conrad VILLARREAL, Respondent,

v.

ALBERT LEA ELECTRO PLATING, INC., et al., Relators,

Washington National Insurance Company, Intervenor, Insurer.

No. 48758.

Supreme Court of Minnesota.

Aug. 3, 1979.

Laurence F. Koll and Kenneth E. McCoy, St. Paul, for relators.

Krofchalk, Boraas & Steward, M. John Steward, Rochester, for respondent.

Heard before ROGOSHESKE, TODD, and YETKA, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Certiorari upon the petition of relators Albert Lea Electro Plating, Inc. and Great Central Insurance Co. to review a decision of the Workers' Compensation Court of Appeals awarding certain benefits to employee, Conrad Villarreal.

Since 1972, employee, a diabetic, has experienced chronic ulcers of the foot requiring various types of medical treatment, including a series of toe amputations. As a result, he has been periodically disabled. Employee terminated his employment with relator Albert Lea Electro Plating, Inc. upon medical advice in early 1975, because his position as a hoist operator demanded prolonged standing, which aggravated his condition. In 1977, he petitioned for workers' compensation benefits. Following a

hearing, benefits were awarded by the compensation judge on the theory that employee had sustained personal injuries. The court of appeals modified the decision to include occupational disease as a further basis for compensation. Relators appealed to this court.

After careful review of the record, we observe that it is unclear whether employee proceeded on the theory that he had sustained a series of personal injuries or on the theory that his condition is an occupational disease, or both. Essential to proof of a claim on either basis is a showing that the employer received notice as prescribed by statute. At the time in question, awards based on personal injury claims required a finding of one of the following: Written notice within 90 days of the injury; the employer's actual knowledge of the injury and its causal relationship to the employment within 90 days of the injury; or the applicability of the trivial injury rule and notice or actual knowledge within 90 days of the date on which it became reasonably apparent to the employee that the injury was likely to cause compensable disability. Minn.St.1971, § 176.141; *Barcel v. Barrel Finish,* 304 Minn. 536, 232 N.W.2d 13 (1975). Awards based on injury due to occupational disease claims required a finding of notice and commencement of the action within 2 years after the employee had knowledge of the cause of the injury and the injury resulted in disability. L.1973, c. 643, § 10. The findings of both the compensation judge and the court of appeals on these critical issues are wholly deficient. They are conclusory and fail to specify the precise facts required to sustain a finding of statutory notice on either a personal injury or occupational disease theory. We are, therefore, unable to determine whether relators' defenses are valid. These significant defects and other inconsistencies among the evidence, the findings, and the award persuade us that a remand is required for clarification and the taking of additional testimony, if necessary.

Remanded.