MIKE KOSTELEC v. A. GUTHRIE & COMPANY.[1]

December 5, 1924.

No. 24,237.

Questions of fact decided by Industrial Commission not reviewable by certiorari.

Certiorari to review a judgment awarding compensation to the relator under the Workmen's Compensation Law. The only questions presented are questions of fact, not within the province of this court to determine.

Upon the relation of Mike Kostelec the supreme court granted its writ of certiorari directed to the district court for St. Louis county and the Honorable H. J. Grannis, judge thereof, to review the findings and conclusions of the court awarding compensation in a proceeding brought under the Workmen's Compensation Act by relator, employe, against A. Guthrie & Company, employer. Affirmed.

A. Feldman, for relator.

F. C. Elston and Kenny, Lohmann & Gardner, for respondent.

TAYLOR, C.

Certiorari to review a judgment of the district court of St. Louis county awarding compensation to the relator under the Workmen's Compensation law for injuries sustained before the enactment of the law creating the Industrial Commission.

The present proceeding was initiated by a petition filed by the relator September 10, 1923, stating that he had suffered an injury November 9, 1920, for which an award of compensation had been made, and claiming that he was still disabled and entitled to a further award. The matter was heard before Judge Grannis in October, 1923. The proceedings were quite informal. At the outset the attorneys gave the history of the case up to the termination of the prior proceedings. The prior proceedings are not made a

[1]Reported in 201 N. W. 141.

part of this record, but the facts recited by the attorneys seem to be unquestioned. From this recital, it appears that the relator, while working for defendant at a mine on November 9, 1920, was caught by the swinging door of a dump car and squeezed across the middle of his body; that he was treated and cared for at a hospital from which he was discharged in January, 1921; that thereafter, claiming to be still disabled, he was examined and treated by several doctors; that an application for an award of compensation was heard by Judge Cant in November, 1921, at which it appeared that the doctors had failed to find any physical cause for the disability which the relator claims existed at that time; that an award of compensation was made of the maximum amount up to some date in April, 1921, and of a lesser amount from that date in April until a further hearing to be held later; that thereafter, pursuant to the recommendation of the doctors that relator engage in light work, opportunities for him to do so were provided; that he occasionally entered upon such employment, but always quit after a few hours, claiming to be unable to continue; that, some time in the early part of 1922, a further hearing was held at which it was concluded to perform an exploratory operation for the purpose of discovering his trouble; that on June 19, 1922, Dr. Spicer, the relator's physician, reported that the operation had been performed by Dr. Bagley on May 15, 1922, disclosing adhesions between certain organs. No suggestion was made that this condition resulted from the injury. The report further stated:

"After an operation of this sort it is usual to advise the patient not to do much heavy work inside of six to eight weeks. The patient is much improved at the present time, and I see no reason why after the 1st or 15th of July why he cannot go to work. Of course he has not worked for 18 months and he has gotten himself in such a condition mentally that it will probably be quite a proposition to get him to go to work. Anyway there is no apparent reason why he cannot do so."

On this report Judge Cant directed that compensation be paid in varying amounts until July 29, 1922. The defendant has paid all

the compensation at any time awarded, and has also paid all bills of the hospitals and of the doctors. At the end of July the relator went away and his whereabouts were unknown even to his attorney or physician until he returned to make the present application a year or more later.

At the present hearing the relator testified that during his absence he had been at several places in North Dakota, Minnesota and Wisconsin, apparently remaining only a short time at any one place, and that he had tried to do various kinds of work at these different places but had been able to continue at work for only short periods at a time, varying from one to five days. Dr. Spicer, who had attended him in 1921 and 1922, and had examined him after his return, stated in substance that he could find no disability, and that he diagnosed the relator's condition as traumatic neurasthenia 'a condition that follows injuries in which there is considerable shock to the nervous system and sometimes out of proportion to the seriousness of the original injury." He further stated that it sometimes takes quite a while to recover from this and that there is not always a complete recovery. The relator presented no further evidence. The defendant presented none.

The court found that the relator "received severe injuries about his body and a severe shock to his nervous system, producing temporary total disability; that said injuries were due to accident arising out of and in the scope of said employment; that since the 10th day of September, 1923, said injuries produced temporary partial disability to the extent of $7.50 per week." Judgment was rendered that he recover the sum of $7.50 per week "from the 10th day of Sepetember, 1923, and continuing for and during the period of the balance of three hundred (300) weeks from November 16, 1920."

The relator claims that he is still wholly incapacitated and entitled to compensation for total disability. The defendant claims that he is malingering, but makes no objection to the judgment.

In cases brought here by certiorari, this court reviews only the questions of law presented by the record. It cannot make findings of fact, nor pass upon or determine questions of fact. The trial

court found that a temporary partial disability has existed since September 10, 1923. We find no ground for setting aside this finding, and no reason for doubting its correctness. The showing made would not warrant a finding of total disability.

The relator also claims that he should have been allowed compensation from July 29, 1922, covering the period that he was away moving from place to place. There is no finding that he was under disability during this period, and we cannot make such a finding. The court found that he had been temporarily totally disabled, but did not state the time during which such disability had continued. This finding evidently referred to the disability existing during a part of the time covered by the award made by Judge Cant. The evidence before Judge Cant and the findings made by him are not a part of this record, and all that we know concerning them is what may be inferred from the recitals previously stated. It may fairly be inferred that Judge Cant was of opinion that the relator would fully recover on or before July 29, 1922. He awarded compensation to that date and not longer. Judge Grannis found that the relator had been temporarily partially disabled since September 10, 1923, and awarded compensation from that date. In the absence of a finding that the disability existed between those dates, or of a request for such a finding, and we find no such request in the record, we cannot hold as a matter of law that the court erred in failing to make an allowance covering that period. The disability did not conclusively appear, and the question presented was a question of fact not within the province of this court to determine.

Judgment affirmed.