## CLARENCE NELSON v. REID AND WACKMAN AND ANOTHER.[1]

March 18, 1949.

No. 34,871.

*Lowell W. Benshoof* and *P. F. Schroeder,* for relator.

*Reynolds & McLeod,* for respondents.

[1]Reported in 36 N. W. (2d) 544.

Frank T. Gallagher, Justice.

Certiorari to review an order of the industrial commission affirming the determination of a referee denying compensation to relator, Clarence Nelson.

Relator was employed by respondent Reid and Wackman in April 1947 as a truck driver to load and haul timber, cement, and other building materials. At that time, Wallace E. Reid, employer's manager, had been acquainted with relator for many years. He knew that relator had undergone an operation in 1944 to remove a loose cartilage in his right knee, and he noticed that relator favored this knee, although it did not interfere unduly with his ability to do his work.

Relator claims that on or about June 4, 1947, a bundle of haybucker teeth which he was handling fell against his knee, but he thought that the injury was trivial and did not report it. About the middle of June, while relator was delivering some merchandise for employer and while accompanied by one Roof, another employe, he claims that he stepped into a hole and twisted his knee. He contends that Roof was a supervisory employe and that therefore Roof's knowledge is imputed to the employer. This supervisory capacity is denied by both the employer and Roof. After this occurrence, relator claims that his knee began to swell, fill with fluid, and cause considerable pain. On or about June 18, Reid noticed that relator limped, and he asked him if his knee was bothering him. Relator testified that he replied:

"* * * 'Yes,' I said, 'I twisted and bumped it and it has been sore.'

\* \* \* \* \*

"* * * I didn't think it was so terribly serious but I said, 'When we get a slack day I will go up and see Dr. Fortin, see what he thinks about it'.

\* \* \* \* \*

"* * * so he [Reid] said: 'Any time you want to, you go'."

The next day, June 19, relator consulted a doctor. As a result of this consultation, relator advised Reid on June 20 that the doctor had told him he could not continue to do the heavy work he had been doing, whereupon Reid discharged him. Relator's knee did not respond to treatment by aspiration, and sometime prior to July 17, while one of employer's supervisory employes was fishing near relator's land, relator, in response to an inquiry, informed this supervisory employe that he was going to have another operation on his knee. Employer denies that this employe was a supervisory employe, but admits that he did at times exercise supervisory authority. In September 1947, relator was using a cane or single crutch, at which time he saw Reid in the latter's place of business on another matter.

On November 12, 1947, relator went to Reid and asked him if he was not entitled to compensation for the injury. Relator told Reid at that time that he had hurt his knee while unloading bucker teeth, but he gave no excuse for not reporting the injury sooner. Reid notified his insurer, which investigated, and on December 5, 1947, the insurer obtained a statement from relator to the effect that he had not mentioned the particular accident to Reid in connection with his injury. Employer and its insurer now deny liability for compensation because the proper knowledge or statutory notice was not given within the 90-day period.

The hearing on the original claim petition was held on April 7 and 8, 1948, before a referee. On April 30, 1948, the referee's decision disallowing relator's claim for compensation and benefits was filed with the industrial commission. On appeal to the industrial commission, the findings and determination of the referee were affirmed.

The only contested finding before this court is the following:

"That said employer never had *statutory notice* of the accident occurring on or about June 4, 1947, nor of the accident occurring on or about June 15, 1947." (Italics supplied.)

In reviewing an order or determination of an administrative board, the supreme court will go no further than to determine whether the evidence was such that the board might reasonably make the order or determination which it made. Hamlin v. The Coolerator Co. 227 Minn. 437, 35 N. W. (2d) 616.

Relator contends that the industrial commission absolutely failed to differentiate between "actual knowledge of the occurrence of the injury" and "notice thereof"; that this failure is patent in the disputed finding; and that this error, if corrected, is fatal to respondents' defense.

Although ambiguous, we believe that the finding of the referee as affirmed is subject to a reasonable interpretation which is supported by the evidence and which supports the determination. The provisions for actual knowledge and the technical statutory notice are presented in the disjunctive in the statute. M. S. A. 176.16 provides in part as follows:

"Unless the employer shall have actual knowledge of the occurrence of the injury, or unless the injured workman, or a dependent, or some one in behalf of either, shall give notice thereof to the employer in writing within 14 days after the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained."

It is reasonable to believe that if the issue was raised before the industrial commission it was considered by them and included in their finding of lack of "statutory notice." If the fact question of actual knowledge was not raised before the industrial commission, as respondents contend, it should not be considered by this court on certiorari. Cf. State ex rel. O'Connell v. Canfield, 166 Minn. 414, 208 N. W. 181; Kostelec v. A. Guthrie & Co. 161 Minn. 153, 201 N. W. 141.

Regardless of these points, however, the evidence sustains the determination of the industrial commission. The actual knowledge considered by such statutes has been stated as "information on which to base inquiries if he [employer] so desires." Finch v.

Buffalo Envelope Co. 218 App. Div. 31, 35, 217 N. Y. S. 744, 747 (affirmed, 244 N. Y. 557, 155 N. E. 895); and, at a minimum, it is information such as a reasonable man would usually act upon in the ordinary course of human affairs. Walkden's Case, 237 Mass. 115, 129 N. E. 396; West's Case, 313 Mass. 146, 46 N. E. (2d) 760; Horovitz, Workmen's Compensation, 253.

In the instant case, relator does not contend that he at any time prior to November 1947 advised his employer or a supervisory employe that he suffered the injury while in the scope of his employment. Reid testified that his impression was that the condition of relator's knee was merely "a recurrence of his former trouble that had no connection whatsoever with any of his work while employed by us." Under the facts of this case, the knowledge which employer had of relator's injury was not such as would put a reasonable man on inquiry, or such as would obviate the necessity of the employe's giving notice in conformity with the statute. Rather, it is only reasonable to assume, in the absence of even a *scintilla* of evidence to the contrary, that employer had no knowledge whatsoever that relator had sustained a *new* injury or that such *new* injury had any connection with relator's employment.

The time for giving notice commences to run from the occurrence of the disability or at the time the disability becomes apparent. Clausen v. Minnesota Steel Co. 186 Minn. 80, 242 N. W. 397. This time had elapsed prior to relator's giving notice of the occurrence of the injury to his employer.

The determination of the industrial commission is affirmed.