LEO D. COWELL v. MINNEGAS COMPANY AND OTHERS.
·HARTFORD INSURANCE COMPANY, RELATOR.

176 N. W. (2d) 84.

March 6, 1970—No. 41931.

*Farrish, Zimmerman, Johnson & Manahan,* and *James H. Manahan,* for relator.

*Robert H. Velta,* for respondent employee.

*Irving J. Wiltrout* and *P. M. Meehl,* for respondent employer and respondent insurer.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

PER CURIAM.

This is a proceeding arising under the Workmen's Compensation Act. The only issue is whether the statute of limitations has barred the employee's claim against the relator, Hartford Insurance Company.

The respondent, Leo D. Cowell, was employed by Minnegas Company in 1957 when he sustained a work-related injury. No claim for disability was made against the employer until the employee had sustained additional injuries in May 1960 and again in May 1964, at which time the employer was covered by a different compensation carrier.

The referee made an award of $1,665 and ordered the relator, who was the carrier in 1957, to assume one-third of that amount.

In 1957 the employee's supervisor instructed him to consult a doctor. Accordingly, on May 20, 1957, and on two subsequent occasions, employee was treated by a Dr. Warren Workman. On June 14, 1957, the doctor made a report to Hartford and submitted to it a bill for his services. Neither the doctor nor Hartford had a record of whether the bill was paid. The doctor testified that if the bill had not been paid it would have been turned over to a collector. He had no record that this was done. Hence, he believed the bill was paid.

While this evidence is slim, we are of the opinion that the commission was justified in inferring that the carrier paid the bill in 1957. Accordingly, on the authority of Knopp v. Gutterman, 258 Minn. 33, 102 N. W. (2d) 689, a "proceeding" had been commenced within the time specified by Minn. St. 176.151(1). The claim against Hartford is therefore not barred by the statute of limitations.

Affirmed.