## KATHRYN POJANOWSKI v.
## MICHAEL E. HART, JR., AND ANOTHER.

178 N. W. (2d) 913.

July 17, 1970—No. 42121.

*Willard L. Converse* and *Peterson, Bell & Converse*, for relator.

*Anderson, Bell & Chadwick,* for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Certiorari to review an order of the Workmen's Compensation Commission reversing the decision of the referee and denying compensation benefits to the employee, Kathryn Pojanowski.

The sole issue presented for review is whether the evidence supports the commission's finding that the employer and insurer did not have statutory notice or knowledge of the employee's injury within 90 days of the occurrence of the injury, as required by Minn. St. 176.141.[1]

---

[1] Minn. St. 176.141 provides: "Unless the employer has actual knowledge of the occurrence of the injury or unless the injured worker, or a dependent or some one in behalf of either, gives written notice thereof to the employer within 14 days after the occurrence of the injury, then no compensation shall be due until such notice is given or knowledge obtained. If the notice is given or the knowledge obtained within 30 days from the occurrence of the injury, no want, failure, or inaccuracy of a notice shall be a bar to obtaining compensation unless the employer shows that he was prejudiced by such want, defect, or inaccuracy, and then only to the extent of such prejudice. If the notice is given or the knowledge obtained within 90 days, and if the employee or other beneficiary shows that his failure to give prior notice was due to his mistake, inadvertence, ignorance of fact or law, or inability, or to the fraud, misrepresentation, or deceit of the employer or his agent, then compensation may be allowed, unless the employer shows that he was prejudiced by failure to receive such notice, in which case the amount of compensation shall be reduced by such sum as fairly repre-

The employee worked as a kitchen aid and waitress for Michael E. Hart, Jr., the pharmacist-owner of Hart Drug Store in Forest Lake. On December 29, 1966, she claims that while working in the kitchen of the drugstore she stepped on a tack which penetrated the sole of her tennis shoe, causing "just a little break in the skin" near the left big toe. She removed her shoe, noticed the break in the skin, cleaned it off, and resumed working. She worked her regular hours at the drugstore from the time of injury up to January 3, 1967, when she saw her family doctor because her foot had become swollen and painful, and she also was suffering from flu symptoms, both of which were complicated by the fact that she was a diabetic. Her doctor's records showed that she had a congested throat and had been suffering from the flu for 5 days and, in addition, that her left foot was swollen and red. The doctor gave her penicillin and tetanus shots, told her to stay in bed, and gave her a prescription for penicillin. She did not tell her daughter, who also worked at the drugstore, or her husband about her alleged injury to her foot. She took the prescription to her employer, who filled it under an employee's discount, without telling him that the medication was for a work-related injury. Although employee claims to have mentioned to her employer at this time that she stepped on a tack at the drugstore, she admits that he may not have heard her make that comment and it was the only mention of her injury that she ever made to him. He denied hearing the claimed statement, and the employee concedes on review that there is ample evidence for the commission's finding that no actual notice of her injury was given. At the time the prescription was filled, it was obvious to her employer that the employee was physically ill. She told him that her doctor had advised her that she had an infection and that she should stay home for at least 2 weeks. There was no indication on the prescription that it was for the purpose of

sents the prejudice shown. *Unless knowledge is obtained or written notice given within 90 days after the occurrence of the injury no compensation shall be allowed.*" (Italics supplied.)

treating the infection in her foot, and her employer testified that the prescription she obtained was very strong and powerful and that he most commonly filled it for upper respiratory infections, particularly during the winter months.

About January 21, the employee, apparently recovered, returned to work. The swelling had gone down and there was no longer any discoloration or redness or any other abnormal appearance about the foot. She continued working until February 20, during which time in her casual conversation with her employer on an almost daily basis she never revealed any claim that her illness was due to stepping on the tack.

On February 20, she called Mr. Hart and advised him that she was so sick that she would have to take a leave of absence. However she agreed to work the next day and attempted to do so but was physically unable to work more than half the day. At this time she was hospitalized, and her condition was diagnosed as diabetic acidosis with diabetic ulcers on her left ankle and the little toe of the right foot. Medical testimony revealed that these problems were caused by burns incurred when employee was attempting to hotpack the infection caused by stepping on the tack.

The referee awarded benefits upon findings that the employer had both actual and constructive notice within the statutory 90-day period, explaining that under Fitch v. Farmers Union Grain Terminal Assn. 274 Minn. 234, 143 N. W. (2d) 192, the employer's knowledge of the disability alone would be adequate notice. The commission found on appeal that the employer had not received actual notice and that the employer could not be charged with constructive notice on the evidence presented.

Section 176.141 provides in part that the employer must either be given written notice or have actual knowledge of the occurrence of injury within 90 days after the occurrence or no compensation shall be allowed. The notice requirement is designed to enable the employer to furnish immediate medical attention in the hope of minimizing the seriousness of the injury as well as to protect the employer by permitting him to investigate the

claim soon after the injury. Sobczyk v. City of Duluth, 245 Minn. 569, 73 N. W. (2d) 795.

The employee argues that the only knowledge an employer needs in order to satisfy the constructive-notice requirement of the statute is knowledge of the employee's disability alone, relying on Fitch v. Farmers Union Grain Terminal Assn. *supra,* and Rosvold v. Independent Consol. School Dist. No. 102, 251 Minn. 297, 87 N. W. (2d) 646.

However, in the Fitch case this court said since the employee had filed a prior workmen's compensation claim, there was an unrefuted inference that employer or his insurer had examined employee's hospital records in connection with the prior claim and that thus they had actual notice before the filing of her second petition seeking compensation benefits. In the Rosvold case, this court held where an employee dies from an occupational injury and the employee works up to the time of his death, the death is the injury, and if the employer knew of the death, then he had notice of the injury. Neither of these two cases stands for the proposition that mere knowledge of the disability alone under the circumstances of this case is sufficient notice to satisfy the statute.

Thus, the issue presented is not controlled by the rule suggested by the employee; rather, the controlling question is whether or not the employer had "actual knowledge" within the contemplation of § 176.141 of the occurrence of the injury within 90 days of disability. "Actual knowledge" is knowledge of such information as would put a reasonable man on inquiry. Rinne v. W. C. Griffis Co. 234 Minn. 146, 47 N. W. (2d) 872; Nelson v. Reid & Wackman, 228 Minn. 137, 36 N. W. (2d) 544. Mere knowledge of disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related. Davidson v. Bermo, Inc. 272 Minn. 97, 137 N. W. (2d) 567.

Applying this test, there can be no doubt there is substantial evidence to support the commission's finding that the employer had no "actual knowledge" within the 90-day period. The employee was disabled on January 3, 1967, and written notice was given on June 14, 1967. Between these dates the only knowledge possessed by her employer was that she was disabled. There is ample evidence on which the commission could find that he had no knowledge which should have put one acting reasonably on inquiry. Although he knew she had a sore that was not healing, that she was a diabetic, that she was very sick, that she was limping, and that she was taking very powerful medication, he was also aware of a reasonable explanation for her disability and illness which was unrelated to her employment. The issue presented amounts to no more than a fact issue. We have repeatedly held that where there is competent and credible evidence from which the factfinder might draw inferences either way, as a reviewing court we are bound by the resolution and determination of the commission. Dudovitz v. Shoppers City, Inc. 282 Minn. 322, 164 N. W. (2d) 873.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.