ARNOLD L. PEARSON v. FOOT TRANSFER COMPANY
AND OTHERS.
FLOUR CITY ARCHITECTURAL METALS, INC.,
AND ANOTHER, RELATORS.

221 N. W. 2d 710.

August 23, 1974—No. 44265.

*Jardine, Logan & O'Brien* and *Gerald M. Linnihan,* for relators.
*Lyle C. Howg,* for respondent employee.

Heard before Knutson, C. J., and Otis, MacLaughlin, and Mulally, JJ., and considered and decided by the court en banc.

PER CURIAM.

This litigation arises out of a claim against two employers for temporary total disability sustained by an employee as a result of two injuries. One employer, Flour City Architectural Metals, Inc., seeks review of an order of the Workmen's Compensation Commission holding it liable to the employee for all of the benefits awarded, including all of his medical expenses. However, it is undisputed that Flour City was responsible for only 50 percent of plaintiff's disability. Accordingly, we reverse.

The only issue is whether the employee's failure to give notice of a second injury, sustained while working for a subsequent employer, imposes liability on the first employer for the benefits the second employer would otherwise have been obliged to pay. The facts are undisputed. On February 21, 1966, the employee injured his back and shoulder while in the employ of relator, Flour City Architectural Metals, Inc., and was disabled for over 3 weeks. In the fall of 1967 he was employed by Saunders Transfer Company, which in 1968 became Foot Transfer Company. On February 25, 1969, while employed by Foot Transfer, he again suffered a back strain in the thoracic area of the spine.

On November 16, 1970, the employee filed a claim against both employers alleging temporary total disability from March 2, 1970, resulting from both injuries.

The compensation judge found that the employee was temporarily totally disabled as the result of a conversion hysterical reaction from March 2, 1970, to the date of the hearing and continuing thereafter. Fifty percent of the disability was held attributable to the injury of February 21, 1966, and fifty percent to the injury of February 25, 1969. However, the judge found that Foot Transfer was not liable because it had not been given statutory notice of the injury as required by Minn.

St. 176.141.[1] Flour City was ordered to make disability payments at the reduced rate of $25.74 per week[2] and to pay 50 percent of the medical expenses incurred by the employee.

All of the parties appealed to the Workmen's Compensation Commission. The commission adopted all of the judge's findings including the finding that each injury was responsible for 50 percent of the disability. However, the commission by a divided vote directed Flour City to pay $45 per week, the maximum rate in effect at the time of the first injury. In addition, Flour City was ordered to pay 100 percent of the employee's medical expenses. Only Flour City has sought review of the decision of the commission.

The commission treated the employers as joint tortfeasors, holding each liable for all of the damages. It ruled that the employee was entitled to the rate of compensation in effect at the time the injury was reported.

In Marsolek v. Miller Waste Mills, 244 Minn. 55, 69 N. W. 2d 617 (1955), we held an employee to be entitled to full compensation from the last of several employers during whose employment the employee suffered successive injuries, although all contributed to the disability. We reached this result on the theory the last employer took the employee as he found him, with a preexisting condition. Conversely, however, on no theory can the *first* employer be held liable for total disability if half of it was caused by a later accident. The employee here is responsible for failing to give notice to the second employer. Flour City, first employer, cannot be penalized for that lack of diligence.

Reversed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[1] Minn. St. 176.141 provides in relevant part: "* * * Unless knowledge is obtained or written notice given within 90 days after the occurrence of the injury no compensation shall be allowed."

[2] This rate was determined by use of a formula which took into account the maximum compensation rate at the time of each accident ($45 and $60 per week, respectively) and the percentage which each injury contributed to the total disability.