DALE H. GREENE v. W & W GENERATOR REBUILDERS
AND ANOTHER.

224 N. W. 2d 157.

December 6, 1974—No. 44800.

*Cousineau, McGuire, Shaughnessy & Anderson* and *Robert J. McGuire,*
for relators.

*Richard C. Smith,* for respondent.

PER CURIAM.

Relators, employer and insurer, seek review of a decision of the
Workmen's Compensation Commission awarding benefits to respond-
ent-employee. They challenge the sufficiency of the evidence support-
ing the commission's findings that the employer had knowledge of the
injury within the 90-day period required by Minn. St. 176.141 [1] and that

---

[1] Minn. St. 176.141 provides: "Unless the employer has actual knowl-
edge of the occurrence of the injury or unless the injured worker, or
a dependent or some one in behalf of either, gives written notice there-
of to the employer within 14 days after the occurrence of the injury,
then no compensation shall be due until such notice is given or knowl-
edge obtained. If the notice is given or the knowledge obtained within
30 days from the occurrence of the injury, no want, failure, or inac-
curacy of a notice shall be a bar to obtaining compensation unless the
employer shows that he was prejudiced by such want, defect, or inac-
curacy, and then only to the extent of such prejudice. If the notice is
given or the knowledge obtained within 90 days, and if the employee
or other beneficiary shows that his failure to give prior notice was due
to his mistake, inadvertence, ignorance of fact or law, or inability, or
to the fraud, misrepresentation, or deceit of the employer or his agent,
then compensation may be allowed, unless the employer shows that he
was prejudiced by failure to receive such notice, in which case the

the employee sustained an injury that arose out of and in the course of employment.

Employee has suffered from tuberculosis since 1938. His condition, progressive degeneration of the hips and spine, is commonly called Pott's disease and required hip fusions in the early 1940's, and again in 1964 and 1968, and back fusion in 1950. He was hired by the employer in 1965 as part of a program to employ handicapped persons.

In May and June 1971, after employee had begun to handle and work on 20- to 30-pound starters and generators, he began to experience increasing pain in his back and legs. In July 1971, his condition was diagnosed as spinal cord compression syndrome. On August 5, 1971, bone was removed from the vertebrae bodies of T-11 and T-12 decompressing the spinal cord, and a spinal fusion was performed from T-10 to L-1. At the date of the compensation hearing it had not yet been determined if the fusion was successful.

There is conflicting testimony as to whether employee told one of the owners of W & W Generator of his injury and its relationship to his work. The compensation commission found that employee complained to his superiors that the heavier work was bothering his back and that these complaints of employee and his leaving for further surgery a short while thereafter were sufficient to put a reasonable man on notice to investigate further into the matter.

In Pojanowski v. Hart, 288 Minn. 77, 81, 178 N. W. 2d 913, 916 (1970), we discussed the notice requirement of § 176.141 as follows:

"* * * 'Actual knowledge' is knowledge of such information as would put a reasonable man on inquiry. Rinne v. W. C. Griffis Co. 234 Minn. 146, 47 N. W. (2d) 872; Nelson v. Reid & Wackman, 228 Minn. 137, 36 N. W. (2d) 544. Mere knowledge of disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related. Davidson v. Bermo, Inc. 272 Minn. 97, 137 N. W. (2d) 567."

The commission accepted employee's testimony that he had complained to several superiors that the heavy work was bothering his back. As this finding was predicated entirely on the commission's as-

amount of compensation shall be reduced by such sum as fairly represents the prejudice shown. *Unless knowledge is obtained or written notice given within 90 days after the occurrence of the injury no compensation shall be allowed.*" (Italics supplied.)

sessment of the credibility of the various witnesses, this court on review will not substitute its judgment for that of the commission. It is not the court's function to determine whether the weight given or the inferences drawn from the testimony received are correct, or preferable, or the same conclusions which it would adopt were it the trier of fact. Snyder v. General Paper Corp. 277 Minn. 376, 152 N. W. 2d 743 (1967). These complaints, the knowledge of the preexisting physical impairment, and employee's leaving for further back surgery combined to put the employer on reasonable notice to investigate further, thus complying with the knowledge requirement contemplated by § 176.141.

Both medical experts found that the lifting or straining described by employee in his testimony would have been sufficient to cause the disabling injury to a person with employee's preexisting condition. Although employee's testimony was disputed by other witnesses, this again is basically an issue of credibility.

We have repeatedly stated that the findings of the commission are entitled to great weight and will not be disturbed unless unsupported by substantial evidence in view of the entire record submitted. Minn. St. 15.0425. See, Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971); Minneapolis Van & Whse. Co. v. St. P. Terminal Whse. Co. 288 Minn. 294, 180 N. W. 2d 175 (1970). After a careful review of the transcript and record herein, we find no error has been made.

Attorneys fees in the amount of $350 are allowed respondent on this appeal.

Affirmed.