# LaVERNE H. MEYER v. ABEL SIGNS AND ANOTHER.

236 N. W. 2d 774.

October 17, 1975—No. 45247.

*Van Eps, Gilmore & Chantry* and *Michael D. Aafedt,* for relators.

*Abrams & Spector* and *Richard B. Abrams,* for respondent.

PER CURIAM.

Relators, employer and insurer, seek review of a decision of the Workmen's Compensation Commission awarding benefits to the respondent-employee. Relators challenge the sufficiency of the evidence supporting the commission's finding that respondent was temporarily and totally disabled from September 11, 1971, to May 11, 1973.

On September 11, 1971, respondent suffered a work-related injury to his back while working for relator-employer. A myelogram and laminectomy were performed within the month. In January 1972, he was released to return to work by his surgeon, although he continued to experience pain in his low back region.

After unsuccessfully seeking employment, he was certified for retraining by the Minnesota Department of Vocational Rehabilitation. He attended classes for approximately 2 1/2 months during which period he continued to experience back pain which limited his activities to half days. In March 1972, he quit school to care for his wife, who was sick, and two children.

In May 1972, respondent and his family moved to Denison, Texas, seeking a better climate and better job opportunities. He continued to experience back pain. On May 23, 1972, he was hired by a storage company to unload 75- to 100-pound bags of peanuts from a freight car. After only 4 hours his back pain became so intense that he quit. He experienced very intense pain for about a week after which he stated that his symptoms returned to the level preceding May 23.

During the month of June he worked between 20 and 30 hours installing paneling in a house. Sometime during this month his back began to stiffen. This condition gradually worsened until a laminectomy and fusion were performed on July 14, 1972. The respondent and his family returned to Minnesota in February 1973.

Dr. Robert Wengler, testifying on behalf of the employee, stated that if one accepted the employee's history of his symptomology, including the temporary exacerbation in May 1972, then, in his opinion, the incident in Texas did not affect the degree of his disability. During cross-examination, he was asked to assume that the more acute symptoms did not abate. In that hypothetical situation he was of the opinion that further permanent damage was done in Texas and that the injuries in September 1971 and May 1972 were each 50 percent responsible for the employee's disability and need for medical treatment. Dr. David R. Johnson, in response to a similar hypothetical question, rendered the same opinion.

Both expert opinions were based on hypothetical questions that assumed facts not in evidence and could be properly disregarded by the commission. Neither doctor examined the employee until 1973. The only testimony as to the employee's symptoms was that of the employee himself.

Relators argue that the experience in Texas on May 23, 1972, was an independent cause of the July 1972 surgery and the respondent's continuing disability. The commission found that the event was no more than a temporary exacerbation of the re-

spondent's preeexisting back condition. The commission based its finding on the respondent's testimony that his back symptoms returned to the level of severity of the preceding 8 months within a week of the incident in Denison, Texas.[1] As this finding was predicated entirely on the commission's assessment of the respondent's credibility, on review we will not substitute our judgment for that of the commission. Greene v. W & W Generator Rebuilders, 302 Minn. 542, 224 N. W. 2d 157 (1974).

After a careful review of the transcript and record, we find that those findings of the commission challenged in this appeal are supported by substantial evidence and therefore will not be disturbed. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971); Minn. St. 15.0425(e).

Attorneys fees in the amount of $350 are allowed respondent on this appeal.

Affirmed.

OTIS, JUSTICE (dissenting).

The issue here is not whether the employee's back symptoms returned to the level of severity of the preceding 8 months after working in Texas in May 1972. The issue is whether or not liability for compensation benefits should be imposed entirely on

---

[1] The commission's opinion on this issue was expressed by Commissioner James Pomush in these words: "The insurer contends that because the alleged second accident occurred after the first accident, there is some new principle of law before us. The same principle and issue has been before us repeatedly. That part of Dr. Wengler's opinion that assessed 50% against peanut bag lifting (and thus against the employee) was, as he stated, based upon the facts of the particular hypothetical that the employee's back condition got worse following the lifting and did not return to its prior condition. However, the testimony of the employee, which we accept, is that within a week it returned to where it had been—and with the same pain. Therefore, the further progression of the employee's back problem and his further resultant surgery in the same area was nothing more than a manifestation of his prior back condition stemming from his personal injury of September 11, 1971 with Abel."

the first employer when the undisputed evidence discloses that each employer was responsible for 50 percent of the employee's disability. The compensation judge so found. The doctors for both the employer and the employee were in agreement that each employer was equally responsible. There was no medical evidence to support the contrary conclusion by the compensation commission. The employee, however, chose not to proceed against his Texas employer.

The commission's decision imposing all of the liability on the first employer, based on their finding that the first injury was the sole cause of the disability, was rendered on April 23, 1974. In the accompanying opinion, they indicated that, even assuming there had been a second injury, the first injury "played at least a 50% material and inseparable liability factor in the resultant surgery" and that would be no apportionment under those circumstances.

Subsequently, however, we decided Pearson v. Foot Transfer Co. 301 Minn. 489, 491, 221 N. W. 2d 710, 711 (1974), where we reached the opposite conclusion and held that "on no theory can the *first* employer be held liable for total disability if half of it was caused by a later accident."

I would direct that the commission reinstate the compensation judge's finding that each injury contributed 50 percent to the disability and would order apportionment in accordance with Pearson v. Foot Transfer Co. *supra*.