EUGENE LIVGARD v. CORNELIUS COMPANY AND OTHERS.

243 N. W. 2d 309.

May 14, 1976—Nos. 45477, 45497, 45510.

*Van Eps, Gilmore & Chantry* and *George R. Benton,* for relators employer and Bituminous Fire and Marine Ins. Co.

*Hansen, Dordell, Bradt & Koll* and *Laurence F. Koll,* for relators employer and Liberty Mutual Ins. Co.

*Jardine, Logan & O'Brien* and *Michael J. Healey,* for relators employer and Pacific Employers Mutual Co.

*Sween & Salazar* and *Harlan G. Sween,* for respondent.

PER CURIAM.

The employer and insurers seek review of a decision of the Workers' Compensation Board awarding the employee benefits for injuries to his back arising out of and in the course of his employment. On appeal they challenge the board's findings that the employee's claim was not barred by Minn. St. 176.151 and that timely notice of injury was given. Relators also contest the apportionment of the employee's disability.

The employee sustained a personal injury to his back in the course of his employment on February 13, 1963. He reported the injury to his foreman. He received treatment from his family physician at his own expense and returned to work after an absence of a few days. He continued to have pain in his back and right hip and leg for which he occasionally sought and received aspirin from the employer's nurse.

On January 11, 1967, the nurse referred him to the Coon Rapids Clinic, the employer's doctors at that time, for an examination and

evaluation. The clinic referred him to his family physician, who placed him in traction in the hospital for 1 week. He was not paid for his time away from work, but his hospital expenses were paid under the employer's group hospitalization plan.

Beginning in March 1971, the employee's duties required the handling of sheets of steel that weighed up to 200 pounds. In March 1973, he asked to be taken off this work because it was bothering his back and leg. His foreman told him that he would be put on lighter work if he saw a doctor. After seeing his physician, he told the foreman that he was going into the hospital at the end of the week. His last day of work was March 16, 1973. A laminectomy was performed by Dr. Paul Patterson on March 29, 1973, and a decompressive laminectomy and fusion performed on October 29, 1973.

Until November 23, 1963, the employer's compensation insurer was Bituminous Fire & Marine Insurance Company. Liberty Mutual Insurance Company was the employer's insurer from November 23, 1963, to December 31, 1966. Since January 1, 1967, the compensation insurer has been Pacific Employers Mutual Company.

Minn. St. 176.151, provides in part as follows:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the commissioner of the department of labor and industry, but not to exceed six years from the date of the accident."

The employer and two insurers, Bituminous and Liberty, contend that no action or proceedings was instituted by the employee within 6 years of the initial injury. The board found that the cost of the examination and X-rays at the Coon Rapids Clinic in January 1967 had been paid by or on behalf of the employer. It concluded that such payment along with the furnishing of aspirin by the company nurse between 1963 and 1966 constituted a "proceeding" within the meaning of the Workers' Compensation Act.

We hold that the board erred in finding that the furnishing of aspirin by the company nurse constituted a "proceeding" for the purposes of Minn. St. 176.151(1). In doing so, the board relied upon our decision in Cowell v. Minnegas Co. 286 Minn. 535, 176 N. W. 2d 84 (1970). In that case, as well as in Knopp v. Gutterman, 258 Minn. 33, 102 N. W. 2d 689 (1960), we held that the payment by an employer of a worker's hospital or medical bills constitutes a "proceeding" under the statute. The rationale behind those decisions is obvious. Minn. St. 176.151(1) speaks of

"proceedings * * * to determine or recover compensation." Minn. St. 176.011(8) defines "compensation" as "all benefits provided by this chapter on account of injury or death." Thus, the furnishing of any kind of benefit required by the compensation law indicates an acceptance of liability by the employer and constitutes a "proceeding" for purposes of Minn. St. 176.151(1). 3 Larson, Workmen's Compensation Law, § 78.43(b).

The furnishing of aspirin by a company nurse, on the other hand, is a different type of action entirely from the payment of medical bills. Aspirin is undoubtedly dispensed every day by Minnesota employers. It is frequently used by employees for the relief of minor ailments ranging from toothaches to headaches. It is dispensed not as a form of compensation to an employee suffering from a work-related injury but as a general service provided to all employees who suffer from minor ailments of whatever nature and origin. An employer's custom of rendering first aid or medication for common, everyday afflictions is not necessarily in response to a conscious sense of obligation for a work-related injury and thus the acceptance of liability which constitutes a "proceeding" for purposes of Minn. St. 176.151(1).

We are of the opinion, however, that the evidence justified the board in inferring that the employer or its insurer paid the bill from the Coon Rapids Clinic in 1967. The company nurse testified that employees were sent to the Coon Rapids Clinic only for pre-employment physicals or if workers' compensation injury was suspected. The clinic's record shows a charge of $25 for January 11, 1967, and states that itemized statements were sent on January 23, 1968. There is no indication to whom the statements were sent or if the account was paid. The clinic's books of account for the years 1967 and 1968 were destroyed in 1971 or 1972. As a result there is no actual proof that the bill was paid and if so by whom. The employee, employer, and insurers all denied having been billed.

The clinic's record for January 11, 1967, was made under a Cornelius Company classification. The clinic's record keeper testified that the customary practice was to place workers' compensation matters on employer forms and other matters on patient pay forms. She testified that the clinic had no record of a private pay file for the employee. From this she assumed that the bill was sent to either the employer or insurer. The bookkeeper stated that the normal procedure was to bill the employer or insurer. If the employer or insurer denied that the matter was a workers' compensation claim or did not pay the bill, a private pay account was established. The clinic's records show no outstanding bill in the employee's name. From this procedure she assumed the bill

had been paid. On these facts, Cowell v. Minnegas Co. 286 Minn. 535, 176 N. W. 2d 84, controls, and the inference drawn by the board is justified. Thus, on the authority of Knopp v. Gutterman, 258 Minn. 33, 102 N. W. 2d 689, a "proceeding" had been commenced within the time specified by Minn. St. 176.151(1).

Liberty and Pacific each argues that there was no notice under Minn. St. 176.141, as to the aggravated injuries found by the board to have occurred between November 23, 1963, and December 31, 1966, and between January 1, 1967, and March 16, 1973. In Pojanowski v. Hart, 288 Minn. 77, 81, 178 N. W. 2d 913, 916 (1970), the court discussed the notice requirement of § 176.141 as follows:

"* * * 'Actual knowledge' is knowledge of such information as would put a reasonable man on inquiry. Rinne v. W. C. Griffis Co. 234 Minn. 146, 47 N. W. (2d) 872; Nelson v. Reid & Wackman, 228 Minn. 137, 36 N. W. (2d) 544. Mere knowledge of disability following a traumatic injury is not sufficient, for the facts and circumstances of either the disability or the injury must be such as would put a reasonable man on inquiry that the disability is work-related. Davidson v. Bermo, Inc. 272 Minn. 97, 137 N. W. (2d) 567."

The board found that both the lead man on the shifts and the company nurse knew that the employee attributed his back condition to his employment and that his work aggravated his symptoms in January 1967 and again in March 1973. These findings are amply supported by the evidence.

The evidence sustains the board's finding that the employee's compensable disability was in part the result of three separate industrial accidents. Apportionment among the three insurers was therefore required. Pearson v. Foot Transfer Co. 301 Minn. 489, 221 N. W. 2d 710 (1974); 21 Dunnell, Dig. (3 ed.) § 10397a, subd. 4. The board's apportionment among the three injuries is supported by substantial evidence and affirmed. Strei v. Church of St. Joseph, 290 Minn. 565, 188 N. W. 2d 879 (1971); Minn. St. 15.0425(e).

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.

KELLY, JUSTICE (concurring specially).

I concur in the result.