Floyd BRIGGS, Respondent,

v.

K. W. McKEE, INC., et al., Relators.

No. 46572.

Supreme Court of Minnesota.

Oct. 14, 1977.

Cousineau, McGuire, Shaughnessy & Anderson, and Craig H. Anderson, Minneapolis, for relators.

Arthur J. Seifert and John P. Weinard, Jr., St. Louis Park, for respondent.

PER CURIAM.

Certiorari to review a decision of the Worker's Compensation Court of Appeals awarding benefits to Floyd Briggs for temporary total disability and permanent partial disability of the right arm and back. We affirm.

On October 4, 1968, Briggs sustained injuries to his back and arm in a work-related accident. Prior to this mishap, Briggs had not experienced any problems with his upper back or right arm. Relators accepted liability and paid medical expenses and compensation for 72 weeks for temporary total disability and 66.7 weeks for 5-percent permanent partial disability of the back, and 15-percent permanent partial disability of the arm, increased by 15 percent for simultaneous injuries. They discontinued payment on February 20, 1970. In October 1974, Briggs filed another claim petition seeking further benefits.[1] The compensation court found that Briggs has been continuously temporarily totally disabled since October 7, 1968, and has sustained a 25-percent permanent partial disability of the right arm and 15-percent permanent partial disability of the back.

■■■ On appeal, relators challenge the award of benefits, contending that Briggs' testimony is not credible and therefore the findings made by the compensation court relating to his disability are not supported by the evidence. We cannot agree with this contention. Findings of fact made by the Worker's Compensation Court of Appeals must be viewed in a light most favorable to such findings. *Naebers v. Shell Oil Co.* 302 Minn. 544, 224 N.E.2d 160 (1974); *Hammes v. Suk*, 291 Minn. 233, 190 N.W.2d 478 (1971). In accordance with this general rule, this court has repeatedly held that we will not disturb a decision of the compensation court on questions of fact unless a consideration of all evidence and inferences permissible therefrom clearly require reasonable minds to adopt a contrary conclusion. *Wever v. Farmhand, Inc.* Minn., 243 N.E.2d 37 (1976). It is not our function as an appellate court to substitute our judgment for the compensation court's assessment of the employee's credibility as a witness (*Meyer v. Signs*, 306 Minn. 55, 236 N.W.2d 774 [1975]), or to determine whether its ultimate decision was preferable under the evidence, but rather to discern whether there was substantial credible evidence present in the record to support the award. *Flavin v. Totino's Finer Food*, 307 Minn. 111, 115, 238 N.W.2d 433, 436 (1976).

■■■ Applying these general principles to the instant case, we hold that there was sufficient credible evidence present in the record to support the compensation court's

---

1. It should be noted that Briggs was 68 years old on the date of this particular compensation hearing.

decision to award Briggs temporary total disability and permanent partial disability of the right arm and back.

Respondent is awarded $350 attorneys fees.

Affirmed.

OTIS, Justice (dissenting).

The decision in this case has been reached without any concern expressed for testimony which was not only exaggerated, as Commissioner Reischell noted, but in my opinion bordered on actual fraud.

Testimony by the employee concerning his inability to endure extended automobile trips and his denial of other accidents and injuries were shown to be utterly false when he was confronted with impeaching evidence on cross-examination. Nevertheless, the compensation judge, the Worker's Compensation Court of Appeals, and the medical experts who testified on behalf of the employee chose to rely almost entirely on the employee's subjective symptoms and attributed his complaint that he suffered a major medical disability beyond any actual orthopedic findings to a psychiatric aberration rather than to lack of candor.

This, in my opinion, is another case where an employee is encouraged to avoid any effort to resume a self-reliant career in useful employment within the limits of his physical disabilities, which are here 25-percent permanent partial of his arm and 15-percent permanent partial of his back. Rather than requiring that a partially disabled person seek and accept employment which is less arduous or physically demanding, which was in this case available to the employee, the commission permits him to elect retirement from all gainful employment and accept benefits which by April 1975 had already exceeded $20,000.

This, I submit, not only imposes on employers a burden never intended by the compensation act but leads to malingering and the kind of "hysterical conversion reaction" which is inevitable where an employee's will to be useful is sapped by the rewards offered for psychiatric incapacity, albeit self-induced.

I would, at the very least, discontinue temporary total compensation benefits until and unless this employee demonstrates a willingness to accept gainful employment, commensurate with his physical capacity, long enough to establish whether or not he has the physical ability to earn a living.

To establish total disability within the meaning of Minn.St. 176.101, subd. 5, employee was required to prove that "his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income." *Schulte v. C. H. Peterson Const. Co.*, 278 Minn. 79, 83, 153 N.W.2d 130, 133 (1967). Employee made no effort to return to work for McKee or to obtain employment elsewhere. In July 1969 he advised McKee he wished to retire as of August 30, 1969, because of the 1968 injuries. McKee did not offer him work although its safety supervisor said there are openings from time to time for employees to drive automobiles a distance of 500 feet from the Ford plant to McKee's premises.

Employee said he could not drive or ride comfortably in a car for more than 20 miles. He also claimed his physical activities are extremely restricted. On cross-examination, his testimony suggested he has lived a considerably more active life than he had said. He first testified that his longest automobile trip since the 1968 accident had been a trip of 140 miles, but then remembered that he had made a month-long journey to the West Coast in 1972 or 1973 and again in 1974. Although on direct examination employee said that he had disclosed all accidents in which he had been involved, on cross-examination he revealed that he had been involved in minor automobile accidents while driving his car, one in December 1969 and the other a few months before the hearing. He also disclosed that he had received facial injuries in a snowmobile accident in 1971. Employee has a small farm and did at least some farm work such as feeding cattle and operating farm machin-

ery. He was hospitalized briefly in August 1970 for chest pain after tilling his garden with machinery. The hospital notes for this episode state that his shoulder "apparently does not bother him much at this time." In July 1971 he caught his thumb between a rock and a tractor barrel. The doctor who treated the thumb advised him "not to do much work at the present time."

The foregoing evidence, in my opinion, requires the conclusion that neither employee's testimony nor his activities furnish an evidentiary basis for finding that he has been temporarily totally disabled at all times since the 1968 accident. While the expert witnesses differed on whether employee could perform a job driving cars, in evaluating employee's condition most of these witnesses relied on the truth of employee's reports of his symptoms. Because his veracity is brought into question by his own testimony and the evidence of his activities, the medical opinions that employee is unable to drive based entirely on subjective symptoms do not, I submit, furnish substantial evidence on which the finding of continuous temporary total disability can be based in view of the record as a whole. As in *Grgurich v. Sears, Roebuck & Co.*, 301 Minn. 291, 223 N.W.2d 120 (1974), I would hold as a matter of law that employee has not established that he has been temporarily totally disabled at all times since the 1968 accident, and would reverse.

PETERSON, Justice (dissenting).

I concur in the dissent of Mr. Justice OTIS.

WAHL, J., not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.