**Lucille DOTSTRY, Relator,**

v.

**RADISSON HOTEL, et al., Respondents,**

**Hennepin County Welfare Department, intervenor, Respondents.**

**No. 48397.**

Supreme Court of Minnesota.

May 26, 1978.

Melvin Ogurak, Minneapolis, for relator.

Cousineau, McGuire, Shaughnessy & Anderson and Michael C. Jackman, Minneapolis, Gary Flakne, County Atty., Arthur W. Katzman, Asst. County Atty., Minneapolis, for respondents.

PER CURIAM.

Lucille Dotstry seeks review of a decision of the Workers' Compensation Court of Appeals determining that she did not sustain a personal injury arising out of and in the course of her employment as a maid at the Hotel Radisson in downtown Minneapolis. The court of appeals, with one member dissenting, set aside a contrary finding by the compensation judge and the consequent award to employee for temporary total disability. We affirm.

We have concluded that no useful purpose will be served by a recitation of the evidence. Essentially, the challenged finding is one which is predicated almost entirely upon the court of appeals' assessment of the credibility of employee and of other former employees of the hotel who corroborated some of her testimony. We have held that when reviewing such findings we will not substitute our judgment for that of the court of appeals. *Greene v. W & W Generator Rebuilders,* 302 Minn. 542, 224 N.W.2d 157 (1974); *Meyer v. Abel Signs,* 306 Minn. 55, 236 N.W.2d 774 (1975). Moreover, although employee urges that the compensation judge, who credited the testimony in question, was in the best position to assess the witnesses' credibility, the court of appeals is empowered to find the facts and may reverse a compensation judge on this issue. Minn.St. 176.421, subd. 6(3); *Townsend v. Nelson,* Minn., 242 N.W.2d 607 (1976). Since the evidence on the critical issue of a work-related injury was conflicting, under settled rules governing our scope of review we are compelled to accept the determination of the court of appeals.

Affirmed.